UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANFORD DAVIS,<br>　　*Plaintiff*,<br><br>　　v.<br><br>BOARD OF EDUCATION OF THE CITY<br>OF BRIDGEPORT; ET AL.,<br>　　*Defendants*. | No. 3:21-cv-00256 (VAB) |

**ORDER ON SUBJECT MATTER JURISDICTION**

　　Sanford Davis ("Plaintiff") has sued the Board of Education of the City of Bridgeport ("the Board"); Tammy Papa, the Director of Youth Services for the Bridgeport Lighthouse Program; Lieutenant Paul Grech of the Bridgeport Police Department; Marlene Siegel, the Chief Financial Officer for the City of Bridgeport; and Timothy McNamara, the Assistant Director of Human Resources for the Bridgeport Board of Education (collectively, "Defendants"). Mr. Davis asserts claims for defamation and violations of the Privacy Act of 1974, 5 U.S.C. § 552a, arising out of his alleged termination as a substitute teacher upon discovery of a 35-year-old criminal record. Compl., ECF No. 1.

　　After Defendants filed a motion to dismiss and answered the Complaint, the Court *sua sponte* issued an order directing the parties to address whether the Court has subject matter jurisdiction over this action under the Privacy Act or on any other ground. Order to Show Cause, ECF No. 25. Defendants responded to the order, arguing that the Privacy Act does not authorize jurisdiction over Mr. Davis's claims. Bd. of Educ. Defs.' Resp. to Show Cause, ECF No. 29 ("Bd. Resp."); Defs. Tammy Papa and Paul Grech's Resp. to Ct.'s Order to Show Cause Re: Jurisdiction, ECF No. 30 ("Papa-Grech Resp.").

　　Mr. Davis has not filed a response.

1

For the reasons explained below, Mr. Davis's Complaint is **DISMISSED without prejudice** to seeking leave to amend.

Mr. Davis must file a motion for leave to amend the Complaint, along with the proposed Amended Complaint, by **December 9, 2022**, or the Court will instruct the Clerk of Court to close this case.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.  Factual Allegations

In 2014, Mr. Davis allegedly began working for Source 4 Teachers, which contracted with the Board to provide substitute teachers to the Bridgeport Public School System. Compl. ¶ 12. In 2018, when the Board allegedly switched to Kelly Educational Staffing ("Kelly") as its contractor for substitute teachers, Mr. Davis likewise switched to working for Kelly. *Id.* ¶¶ 13–14.

In December 2018, Mr. Davis also allegedly applied for a position with the Village Initiative Project ("VIP"), a subcontractor that works with the Bridgeport Department of Youth Services to operate the Lighthouse Program. *Id.* ¶ 15. According to Mr. Davis, the Lighthouse Program is an initiative sponsored by the City of Bridgeport, in conjunction with the Board and the non-profit community, to operate after school and summer programs in the Bridgeport public schools. *Id.*

About a month later, the Department of Youth Services allegedly requested that Mr. Davis submit his fingerprints. *Id.* ¶ 16. Mr. Davis allegedly complied. *Id.* ¶ 17.

Mr. Davis alleges that Tammy Papa, the director of the Lighthouse Program, then obtained his fingerprint file and shared it with both the Board and Lieutenant Grech. *Id.* ¶¶ 15,

27–28. Ms. Papa allegedly noted that Mr. Davis "had a criminal record" and requested that he be terminated. *Id.* ¶ 27.

According to Mr. Davis, this purported criminal record arose from an incident in 1984 when Mr. Davis was arrested after he drove a young woman home from a youth dance at the synagogue where Mr. Davis served as Youth Director. *Id.* ¶ 8. Mr. Davis alleges that he was not convicted of any criminal charges as a result of this arrest. *Id.* ¶ 10. One charge of misdemeanor Sexual Abuse in the Second Degree was allegedly reduced to Harassment in the Second Degree, which is defined as a noncriminal violation. *Id.* Another charge of Endangering the Welfare of a Child was allegedly dismissed altogether. *Id.*

In April 2019, Kelly allegedly informed Mr. Davis that the Board would no longer permit him to work in their schools because of his criminal record. *Id.* ¶¶ 14, 18.

### B.  Procedural History

On June 10, 2019, Mr. Davis filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") against the Board and the Lighthouse Program. *Id.* ¶ 19. On October 4, 2019, the CCHRO dismissed the complaint for failure to state a claim upon which relief can be granted. *Id.*

On May 11, 2020, Mr. Davis filed a second CCHRO complaint against Kelly. *Id.* ¶ 20. On October 16, 2020, the CCHRO dismissed this complaint for failure to state a claim as well. *Id.* ¶ 21.

On February 27, 2021, Mr. Davis filed his Complaint in federal district court, asserting claims for defamation (Count One) and violations of the Privacy Act (Count Two). *Id.* ¶¶ 22–29.

On June 7, 2021, the Board, Mr. McNamara, and Ms. Siegel answered the Complaint. Answer, ECF No. 12.

On June 8, 2021, Lieutenant Grech and Ms. Papa filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 13.

On March 15, 2022, the Court *sua sponte* issued an order to show cause as to the basis for the Court's subject matter jurisdiction and directed the parties to submit responses by April 8, 2022. Order to Show Cause. The Court also denied the motion to dismiss without prejudice to renewal following briefing in response to the order to show cause. Order, ECF No. 26.

On March 29, 2022, the Board, Mr. McNamara, and Ms. Siegel submitted a response arguing that the Court lacks subject matter jurisdiction over the action. Board Resp.

On April 5, 2022, Ms. Papa and Lieutenant Grech also submitted a response arguing that the Court lacks subject matter jurisdiction. Papa-Grech Resp.

Mr. Davis did not submit a response for the order to show cause or file any opposition to Defendants' briefs.

## II.   STANDARD OF REVIEW

The federal district courts are courts of limited jurisdiction. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction."). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700–01 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

### III. DISCUSSION

Mr. Davis's Complaint asserts that this Court has jurisdiction under the Privacy Act of 1974. Compl. ¶ 7. That statute gives the federal district courts jurisdiction over civil actions against "any agency" that violates the Act. 5 U.S.C. § 552a(g)(1). The Privacy Act incorporates the Freedom of Information Act's definition of "agency," which in turn incorporates the definition provided in the Administrative Procedure Act. *See id.* §§ 552a(a)(1), 552(f)(1), 551(1). The Administrative Procedure Act defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." *Id.* § 551(1). The Freedom of Information Act ("FOIA") clarifies that this definition "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1).

Defendants argue that they are not authorities of the United States government and therefore do not qualify as "agencies" under the Privacy Act. The Board argues that it functions as both a state and local agency, but not an agency of the federal government. Board Resp. at 2. Ms. Papa and Lieutenant Grech also argue that none of the Defendants are federal agencies under the Privacy Act. Papa-Grech Resp. at 2.

The Court agrees.

The Second Circuit has held that "the private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). And when interpreting FOIA's identical definition of "agency," the Second Circuit noted that "it is beyond question that FOIA applies only to federal and not to state agencies." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d

5

473, 484 (2d Cir. 1999). The Privacy Act therefore does not authorize a right of action against a state or municipal agency or against "an official or employee of a municipal or state, rather than a federal, agency." *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005). Here, each Defendant is either a state or municipal agency or an employee of such an agency.

The Privacy Act's definition of "agency" does include any "Government controlled corporation." But although the Board is subject to federal regulation and receives federal funds, *see* Board Resp. at 3, Mr. Davis has not alleged "a sufficient level of oversight, supervision, and government connection" for the Board to be considered a federal agency. *Burch*, 551 F.3d at 125. As the Supreme Court has noted in the FOIA context, an entity may not be classified as "federal" without "a threshold showing of substantial federal supervision of the private activities, and not just the exercise of regulatory authority necessary to assure compliance with the goals of the federal grant." *Forsham v. Harris*, 445 U.S. 169, 180 n.11 (1980).

Thus, none of the Defendants qualifies as an "agency," and the Privacy Act does not provide jurisdiction over Count Two of Mr. Davis's Complaint. Count One asserts a defamation claim under state law, but the parties in this case are not diverse. Mr. Davis has not put forward any other basis for this Court's jurisdiction.

Accordingly, the Court will dismiss his Complaint for lack of subject matter jurisdiction.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Davis's Complaint is **DISMISSED without prejudice** to seeking leave to amend.

Mr. Davis must file a motion for leave to amend the Complaint, along with the proposed Amended Complaint, by **December 9, 2022**, or the Court will instruct the Clerk of Court to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of November, 2022.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE